AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA
V.
Jose Gomez aka Manuel Frias-Mendez
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 06-89M-MPT

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- (1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
JUL 27 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence X a preponderance of the evidence: Prior to the detention hearing, a preliminary hearing occurred during which probable cause was found. Defendant is detained as a risk of flight on the following bases:

1. Defendant has used numerous aliases and multiple dates of birth (ranging from 1965 to 1976). Most of the names are not related or similar to each other. In fact, he advised during his initial appearance that his name was Manuel Frias-Mendez.
2. He has been convicted under names that are different from the name that he claims is his actual name. ICE files identify him as Jose Gomez.
3. He has claims that he has lived 30 months with a female that he refers to as his wife, but admits that they are not married. However, he does not know her last name. Per defense counsel, the female, Antonia, confirmed that defendant has resided with her during that time.
4. As a result of conviction for attempted criminal sale of controlled substances in NY, defendant was deported within one month of his conviction. Within 5 months of his deportation, defendant was arrested by INS in August 2000 on a charge of stowaway ad repatriated (no prosecution).
5. Defendant has been in state (DE) custody and was convicted of possession of a narcotic schedule II.
5. Defendant admitted that he was a national of the Dominical Republic and that he was not legally in the US.
7. Defendant admits to taking Percocet (denies other drug use). No evidence was presented to confirm whether this is a legally prescribed medication (narcotic).
8. Very sproradic employment and in light of his status he cannot be employed or ordered to be employed.
9. No connections with the Us- no family/friends located here.
10. In addition to the recent narcotic possession charge, defdant was also convicted of criminal impersonation which is consistent with his past alias history.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| July 26, 2006 | _[signature]_ |
|---|---|
| Date | Signature of Judicial Officer |
|  | Mary Pat Thynge, Magistrate Judge |
|  | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).