

# U.S. Department of Justice

*United States Attorney's Office*
*District of Delaware*

*Nemours Building*      *(302) 573-6277*
*1007 Orange Street, Suite 700*      *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

September 8, 2006

The Honorable Kent. A. Jordan
United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

     Re:    **United States v. Jose Gomez**
            **Criminal Action No. 06-80-KAJ**

Dear Judge Jordan:

     The defendant has agreed to change his plea pursuant to the enclosed Memorandum of Plea Agreement. An original, executed Memorandum will be submitted at the Change of Plea hearing, scheduled for 4:00 p.m. on Thursday, September 14, 2006.

                                  Respectfully submitted,

                                  COLM F. CONNOLLY
                                  United States Attorney

                        BY: _____
                                  Ilana H. Eisenstein
                                  Assistant United States Attorney

Enclosure

cc:      Christopher Koyste, Esq.
         Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                                                          ) | Criminal Action No. 06-80-KAJ |
| ) | |
| JOSÉ GÓMEZ aka Manuel Frías-Méndez, ) | |
| ) | |
| Defendant                                         ) | |
| ) | |
| ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Ilana H. Eisenstein, Assistant United States Attorney for the District of Delaware, and the defendant, JOSÉ GÓMEZ aka Manuel Frías-Méndez, by and through his attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with Re-Entry After Deportation in violation of 8 U.S.C. § 1326(a) and (b)(2), and which carries a maximum sentence of a term of imprisonment of 20 years, a fine of $250,000, or both, three years of supervised release, and a $100 special assessment.

2.  The defendant understands that if there were a trial, the Government would have to prove, with respect to Re-Entry After Deportation that: (1) the defendant is an alien; (2) on or about May 24, 2000, the defendant was deported and removed from the United States;

(3) on or about July 24, 2006, the defendant was found in the United States; (4) the defendant was knowingly in the United States unlawfully; and (5) neither the Attorney General, nor the Undersecretary for Border and Transportation Security of the Department of Homeland Security had expressly consented to the defendant's re-application for admission.

3. The defendant knowingly, voluntarily and intelligently admits that: (1) he is a citizen of the Dominican Republic; (2) on or about May 24, 2000, he was deported and removed from the United States; (3) on or about July 24, 2006, he was found in the United States; (4) he was knowingly in the United States unlawfully; and (5) neither the Attorney General nor the Undersecretary for Border and Transportation Security of the Department of Homeland Security had expressly consented to the defendant's re-application for admission.

4. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, and will move for an additional one-point reduction, pursuant to United States Sentencing Guideline Section 3E1.1.

5. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into consideration in exercising his discretion to determine the appropriate sentence and must also consider the other factors

bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). He understands that the final determination of the sentencing guidelines will be up to the sentencing judge. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea.

6. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

                                      COLM F. CONNOLLY
                                      United States Attorney

_____      BY:_____
Christopher Koyste, Esquire              Ilana H. Eisenstein
Attorney for Defendant                     Assistant United States Attorney


_____
JOSÉ GÓMEZ aka Manuel Frías-Méndez
    Defendant

Dated:

    **AND NOW**, this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                        _____
                                        Kent A. Jordan, United States District Judge